1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11

MICHAEL DESHA CARTER,                    CV F 04-6106 AWI WMW HC
12
                        Petitioner,       ORDER REQUIRING RESPONDENT TO FILE
13                                         RESPONSIVE PLEADING

14      v.                                 ORDER SETTING BRIEFING SCHEDULE

15                                         ORDER DIRECTING CLERK OF COURT TO
 A. K. SCRIBNER,                          SERVE DOCUMENTS
16
                        Respondent.
17 _____/

18
        Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28
19
U.S.C. Section 2254.
20
        The Court has conducted a preliminary review of the Petition.  Accordingly, pursuant to Rule
21
4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1]
22
the Court HEREBY ORDERS:
23
        1.      Respondent SHALL SUBMIT a RESPONSIVE pleading by filing one of the following:
24
                A.  AN ANSWER addressing the merits of the Petition and due within **NINETY (90)**
25

26
        [1]The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice
27 in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil
actions."  Fed.R.Civ.P. 81(a)(2). Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not
28 inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules."  Rule 11, Rules
Governing Section 2254 Cases.

days of the *date of service* of this order.  Rule 4, Rules Governing Section 2254

Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has

discretion to fix time for filing an Answer.).

– Respondent SHALL INCLUDE with the Answer any and all transcripts or other

documents necessary for the resolution of the issues presented in the Petition.

Rule 5 of the Rules Governing Section 2254 Cases.

– Any argument by Respondent that Petitioner has *procedurally defaulted* a

claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of

the claims asserted. This is to enable the Court to determine whether Petitioner

meets an exception to procedural default. See, Paradis v. Arave, 130 F.3d 385,

396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits

to serve the ends of justice);  Jones v. Delo, 56 F.3d 878 (8th Cir. 1995) (the

answer to the question that it is more likely than not that no reasonable juror

fairly considering all the evidence, including the new evidence, would have

found Petitioner guilty beyond a reasonable doubt necessarily requires a review

of the merits).

– Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date

Respondent's Answer is filed with the Court.

B.  A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of service* of this

order based on the following grounds:[2]

(1) EXHAUSTION - 28 U.S.C. § 2254(b)(1).  A Motion to Dismiss for Petitioner's

failure to exhaust state court remedies SHALL INCLUDE copies of all the

Petitioner's state court filings and dispositive rulings relevant to the examination

---

[2]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or to take such other action as the judge deems appropriate*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); see, also, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); also, White v. Lewis, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

of the statute limitations issue as required by Ford v. Hubbard, 330 F.3d 1086 (9th Cir. 2003) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003);

    (2) STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1).  A Motion to Dismiss the Petition as filed beyond the one year limitations period SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings.

    (3) SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b).  A Motion to Dismiss the Petition on the basis of § 2244(b) SHALL include a copy of the previously filed federal Petition and disposition thereof.

2.  OPPOSITIONS to Motions to Dismiss SHALL be served and filed within EIGHTEEN (18) days, plus three days for mailing.  All other Oppositions SHALL be served and filed within EIGHT (8) days, plus three days for mailing. REPLIES to Oppositions to Motions to Dismiss SHALL be served and filed within eight (8) days, plus three days for mailing.  Replies to Oppositions to all other Motions SHALL be served and filed within eight (8) days, plus three days for mailing.  If no opposition is filed, all motions are deemed submitted at the expiration of the opposition period.

3.  Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court along with the Response or Motion to Dismiss, a Consent form indicating whether the party consents or declines to consent to the jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

4.  RESPONDENT SHALL submit a Notice of Appearance as attorney of record within **SIXTY (60)** days of the date of service of this order for purposes of service of court orders.  See, Local Rule 83-182(a), 5-135(c).

5.  The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a copy of the PETITION and any exhibits/attachments, on the Attorney General or his representative.[3]

---

[3]If, however, the Petition was filed on January 3, 2005, or thereafter, the Clerk of the Court need not serve a copy of the Petition on the Attorney General or his representative. A scanned copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").

1       All motions shall be submitted on the record and briefs filed without oral argument unless

2  otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are

3  applicable to this order.

4

5  IT IS SO ORDERED.

6  **Dated:      March 20, 2006**                    **/s/  William M. Wunderlich**
   bl0dc4                                                   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28