**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICHAEL DESHA' CARTER,** | CV F 04-6106 WMW HC |
| Petitioner, | **MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS** |
| v. | [Doc. 14] |
| **A. K. SCRIBNER,** | |
| Respondent. | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's motion to dismiss.

**BACKGROUND**

Petitioner filed this petition for writ of habeas corpus on August 17, 2004. On May 19, 2006, Respondent filed a motion to dismiss. Petitioner filed an opposition to the motion to dismiss on May 26, 2006. Respondent filed a reply on July 17, 2006. On July 27, 2007,

Petitioner filed a document entitled, "Plaintiff's Reply to Respondent's Reply to Petitioner's Opposition to Motion to Dismiss."

On January 19, 2007, the court entered judgment in this case. The court dismissed the case for Petitioner's failure to prosecute, based on the finding that Petitioner had failed to keep the court informed of his current address. Petitioner moved for relief from judgment and on March 27, 2008, the court granted Petitioner's motion and reopened this case.

## PROCEDURAL HISTORY

Petitioner pleaded nolo contendere to possession of a weapon while confined in a penal institution. Petitioner received an upper term of eight years to be served consecutively to the sentenced imposed in Los Angeles County Superior Court case no. PC004292.

On August 1, 2002, the Court of Appeal, Fifth Appellate District, affirmed the judgment. Petitioner did not seek review in the California Supreme Court.

Petitioner subsequently filed one pro per postconviction collateral challenge. On November 14, 2003, he filed a petition for postconviction relief in the California Supreme Court. The court denied the petition on July 28, 2004.

## LEGAL STANDARDS

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of Corcoran State Prison, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are

constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the ground that it is untimely and barred by the statute of limitations.  Petitioner opposes the motion.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. <u>See</u>, e.g., <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (1991); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

4

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, the California Court of Appeal affirmed the judgment on August 1, 2002. The state appeal process became "final" within the meaning of Section 2244(d)(1)(A) when the time for filing a petition for review expired forty days later, on September 10, 2002.  See Cal. Rules of Court, rules 24(a), 28(b), 45(a); Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). The one-year statute of limitations began running the following day - - September 11, 2002. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(citing Fed.R.Civ.P. 6(a)).  Thus, absent tolling, the last day to file a federal petition was September 10, 2003.  Petitioner filed this petition for writ of habeas corpus on August 17, 2004.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the

petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.  The limitations period does not, however, toll for the time during which a petition for Writ of Habeas Corpus is pending in federal court.  Duncan v. Walker, 121 S.Ct. 2120 (2001).

In Carey v. Saffold, 122 S.Ct. 2134 (2002), the Court determined that under California's collateral review process, the intervals between a lower court decision and the filing of a new petition in a higher court are within the scope of the statutory word "pending." Id. at 2140.  Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts.

In this case, the last day to file a federal petition was September 10, 2003.  Petitioner did not file his petition for postconviction relief in the California Supreme Court until November 14, 2003.  This petition for postconviction relief therefore had no tolling effect. See  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run).

In opposition to the motion to dismiss, Petitioner disputes the beginning and ending dates of the statute of limitations period, based on his filings with the California Supreme Court.  Petitioner claims that he filed a petition for writ of habeas corpus with the California

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction.  See Nino, 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

6

Supreme Court in January 2003, and that the court rejected the petition based on lack of jurisdiction. Petitioner supports this claim with an exhibit. However, this exhibit, an letter from the California Supreme Court, states that it is returning Petitioner's petition for review, not a petition for writ of habeas corpus, and that the court lost jurisdiction to act on any petition for review on September 30, 2002. An untimely petition for review provides no basis for statutory tolling.

Petitioner also claims that the court should consider his petition on equitable grounds. First, he claims that he is entitled to equitable tolling due to institutional lockdowns and a state of emergency, which delayed his ability to litigate his case. Second, he claims that his petition for writ of habeas corpus "contains substantial claims which would enable the court to determine whether Petitioner meets an exception to the procedural default."

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

Unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling in this case. For these reasons, this court finds that the lockdowns and limited library access do not warrant equitable tolling in this case.

See, United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

As to Petitioner's second claim, the merits of a petitioner's underlying claim are not relevant to whether extraordinary circumstances exist to justify the late filing of a petition for writ of habeas corpus. See Helton v. Secretary, 259 F.3d 1310 (11th Cir. 2001)( merits of underlying prosecution were not relevant to determination of "extraordinary circumstances"). Accordingly, the court finds that this claim presents no basis for equitable tolling.

In conclusion, Petitioner is entitled to neither statutory tolling nor equitable tolling. Petitioner's petition filed August 17, 2004, was clearly filed after the statute of limitations expired on September 11, 2003. Accordingly, this case is untimely and must be dismissed as barred by the statute of limitations.

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for

  the circuit in which the proceeding is held.
(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)  Respondent's motion to dismiss is GRANTED;

2)  This petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;

3)  A certificate of appealability is DENIED;

4)  The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

  IT IS SO ORDERED.

**Dated:   March 28, 2008**         /s/  William M. Wunderlich
                  UNITED STATES MAGISTRATE JUDGE